IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: EP-25-MJ-04273-LE |
| | ) | |
| TAYLOR A. LEE | ) | |

GOVERNMENT'S MEMORANDUM OF LAW
PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT

The United States files this memorandum of law regarding the Classified Information Procedures Act, 18 U.S.C. Appendix III ("CIPA"), to notify the Court that matters related to classified information may arise in this case. To assist the Court in handling any classified-related matters that may arise, the United States provides the Court with the following description of the procedures mandated by CIPA for protecting such classified information.

As explained in more detail below, Section 2 of CIPA permits the government to move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution. 18 U.S.C. App. III, § 2. Because the classified information issues raised by this prosecution are narrow and limited, the government does not believe a pretrial conference is necessary at this point. Specifically, the government does not anticipate using classified information in its case-in-chief, nor does the government anticipate producing any classified information to the defense in discovery. Rather, as of now, the government anticipates filing an initial motion pursuant to Section 4 of CIPA. Should this change, or should the Court desire a pretrial conference now or in the future, the government is ready to appear.

I.      **BACKGROUND**

On August 5, 2025, Defendant Taylor A. Lee was charged by criminal complaint with violations of the Espionage Act, 18 U.S.C. § 794(a), and the Arms Export Control Act, 22 U.S.C.

§ 2778(b)-(c).  The United States anticipates that it may need to bring to the Court's attention certain discovery issues or other matters relating to classified material, and to do so, it will need to proceed under CIPA.  This Memorandum of Law provides background information on CIPA.

## II.    OVERVIEW OF THE CLASSIFIED INFORMATION PROCEDURES ACT

CIPA was enacted in 1980 to enable courts to evaluate potential classified information issues in criminal cases before jeopardy attaches.  CIPA itself does not change the government's discovery obligations, and it does not alter the rules of evidence.  Instead, CIPA mandates a number of procedures at the pretrial, trial, and appellate stages of a criminal case to enable courts to protect a defendant's right to due process, including the right to a fair trial, and to protect the government's interest in classified information, sources, and methods.  This interest applies, *inter alia*, in both the discovery and trial contexts.  *See United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989) ("CIPA was enacted . . . to combat the problem of graymail, a practice whereby a criminal defendant threatens to reveal classified information during the course of his trial in the hope of forcing the government to drop the criminal charge" and provides "a procedural framework" for rulings before evidence is introduced in open court); *see also United States v. Sterling*, 724 F.3d 482, 515 (4th Cir. 2013) (CIPA "was designed to balance the defendant's interest in a fair trial and the government's interest in protecting national security information"); *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) (discussing balance between national security and due process rights of the defendant); *see generally United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (CIPA's fundamental purpose is to "protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial" (internal quotation marks and citation omitted)); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) ("CIPA creates a pre-trial procedure for ruling upon the admissibility of classified information.").

CIPA provides courts "with wide latitude to deal with thorny problems of national security in the context of criminal proceedings," and "district courts must ultimately balance [the] 'public interest in protecting the information against the individual's right to prepare his defense.'" *United States v. Abu Ali*, 528 F.3d 210, 247 (4th Cir. 2008) (quoting *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985)). Notably, several Courts of Appeals have applied the "informant's privilege" in *Roviaro v. United States*, 353 U.S. 53, 62 (1957), in the national security context because of the government's "substantial interest in protecting sensitive sources and methods of gathering information." *United States v. El-Mezain*, 664 F.3d 467, 520-21 (5th Cir. 2011) (citing Second, Fourth, and D.C. Circuits, and applying rationale in the Fifth Circuit); *Smith*, 780 F.2d at 1108.

Accordingly, CIPA sets forth procedures by which federal courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). The fundamental purpose of CIPA is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (internal quotes and citation omitted). It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006) (internal quotes and citation omitted).

Section 1 of CIPA defines "classified information" as "any information or material that has been determined by the United States government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." "National security," in turn, is defined as "the national defense and foreign relations of the United States." 18 U.S.C. App. III § 1. CIPA applies equally to classified testimony and classified

documents.  *See United States v. North*, 708 F. Supp. 399, 399-400 (D.D.C. 1988); *Kasi v. Angelone*, 200 F. Supp. 2d 585, 597 (E.D. Va. 2002) (applying CIPA to classified testimony).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure, noting that "[t]he government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (internal quotes and citation omitted).  Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant . . . ." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

A.      **Section 2—Pretrial Conference**

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."  18 U.S.C. App. III § 2.  After such motion is filed, Section 2 requires the District Court to hold a pretrial conference to establish the timing of:  (1) requests for discovery; (2) the provision of the requisite written pretrial notice by the defense to the government, pursuant to Section 5 of CIPA, of the defendant's intent to disclose classified information; and (3) the initiation of procedures, pursuant to Section 6 of CIPA, concerning the use, relevance, and admissibility of classified information.  *Id.*  In addition, the court may consider any matters that relate to classified information, or that may promote a fair and expeditious trial.  *Id.*  No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference.  *See* S. Rep. No 96-823, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298-99.  Moreover, to foster open discussions at the pretrial conference,

Section 2 provides that no admission made by the defendant or his or her attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his or her attorney.  *See* 18 U.S.C. App. III § 2.

>   **B.**    **Section 3—Protective Orders**

Section 3 of CIPA provides that the court shall issue an order, upon the request of the United States, "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case."  In addition to prohibiting such disclosure, protective orders issued under CIPA generally set forth rules for all parties governing the use and storage of classified information and provide for the appointment of a Classified Information Security Officer ("CISO") who will assist the court and the parties with the logistics and processes for producing, storing, filing, and handling classified information.

Section 3 was also intended to codify federal courts' well-established practice to issue protective orders based on courts' inherent authorities, as well as to supplement federal courts' authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process. In contrast to the discretionary authority in Rule 16(d)(1), however, Section 3 of CIPA provides that, when classified information is involved, protective orders are to be issued whenever the government discloses classified information to a defendant in connection with a prosecution.  *See* H.R. Rep. No. 96-831, part 1, at 26 (1980).

>   **C.**    **Section 4—Protection of Classified Information During Discovery**

Section 4 of CIPA provides a procedural mechanism to protect classified information, sources, and methods, while simultaneously ensuring that the government is able to satisfy its discovery obligations.  CIPA does not create any new right of discovery or expand the rules governing the admissibility of evidence.  *El-Mezain*, 664 F.3d at 520; *see Dumeisi*, 424 F.3d at 578 ("CIPA does not create any discovery rights for the defendant."); *United States v. Johnson*,

139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); *Smith*, 780 F.2d at 1106 ("The legislative history is clear that Congress did not intend to alter the existing law governing the admissibility of evidence.").[1] Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of such information to protect the government's national security interests. *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *Baptista-Rodriguez*, 17 F.3d at 1363-64; *Yunis*, 867 F.2d at 621.

CIPA thus does not, and was not intended to, "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990) (emphasis added); *see United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of *Brady*."); *see also Abu Ali*, 528 F.3d at 247. Nor does CIPA provide that the admissibility of classified information be governed by anything other than the "well-established standards set forth in the Federal Rules of Evidence." *Baptista-Rodriguez*, 17 F.3d at 1364 (citations omitted); *see also United States v. Khan*, 794 F.3d 1288, 1303 n.15 (11th Cir. 2015) ("CIPA does not alter the machinery of evidence law.").

Accordingly, pursuant to Section 4, district courts have the opportunity to assess whether, and the extent to which, specified items of classified information should be disclosed. Specifically, Section 4 provides that "[t]he court, upon a sufficient showing, may authorize the United States to

---

[1] *Smith* adopted the "relevant and helpful" standard discussed herein in the context of CIPA Section 6 determinations regarding the use, relevance, and admissibility of classified information. Other courts have since applied a similar standard to discovery of classified information under CIPA Section 4. *See, e.g.*, *United States v. Amawi*, 695 F.3d 457, 469-70 (6th Cir. 2012); *United States v. Yunis*, 867 F.2d 617, 623-25 (D.C. Cir. 1989); *United States v. Drake*, 2011 WL 2175007, at *6 (D. Md. 2011) (unreported case).

delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove." 18 U.S.C. App. III § 4; *see also United States v. Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013); *Rezaq*, 134 F.3d at 1142.

Similar to Federal Rule of Criminal Procedure 16(d)(1), which gives the district court the authority to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" for "good cause," Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny, or otherwise restrict, discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. III § 4; s*ee, e.g., Rezaq*, 134 F.3d at 1142; *Yunis*, 867 F.2d at 619-25. The legislative history of CIPA makes clear that Section 4 was intended to simply clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. *See* S. Rep. No. 96-823, at 6, 1980 U.S.C.C.A.N. at 4299-4300; *see also United States v. Aref*, 533 F.3d 72, 78-79 (2d Cir. 2008).

Thus, if the district court determines that the classified information is either not "relevant to the determination of the guilt or innocence of the defendant[]," or "helpful to the defense," or "essential to a fair determination of the cause," it is within its authority to withhold disclosure of the information. *Smith*, 780 F.2d at 1110 (quoting with approval *United States v. Pringle*, 751 F.2d 419, 428 (1st Cir. 1984), and holding that defendant's right to discovery must be balanced against public interest in nondisclosure); *see also Yunis*, 867 F.2d at 623 ("[A] defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused.'" (quoting *Roviaro*, 353 U.S. at 60-61)).

CIPA Section 4 also provides, similar to Rule 16(d)(1), that the government may demonstrate that the use of an alternative discovery procedure—such as deletion or substitution—

is warranted.  CIPA further specifically provides that the Government may make this showing *in camera* and *ex parte*.  18 U.S.C. App. III § 4; *see United States v. Campa*, 529 F.3d 980, 994-95 (11th Cir. 2008); *see also United States v. Mejia*, 448 F.3d 436, 457-58 & n.21 (D.C. Cir. 2006) (noting similarity to Federal Rule of Criminal Procedure 16(d)); *see generally United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010); *Aref*, 533 F.3d at 81; *Yunis*, 867 F.2d at 622-23; *Sarkissian*, 841 F.2d at 965; *Pringle*, 751 F.2d at 427.

A security clearance at a given level is not sufficient to entitle any individual to access or receive national security information classified at that level.  Rather, in addition to receiving a clearance after a favorable determination of eligibility and execution of a non-disclosure agreement, an individual must have a "need to know" the classified information at issue.  *See* Exec. Order 13526 § 4.1(a)(3).  "Need to know" is defined as "a determination within the executive branch . . . that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function."  *Id.* § 6.1(dd).  Accordingly, even if defense counsel hold appropriate security clearances, it "does not mean that [they are] entitled to access the government's classified filings."  *Sedaghaty*, 728 F.3d at 909.  Likewise, while the defendant may be entitled to notice when the government initiates CIPA proceedings under Section 4 or 6, there is "no due process right to receive a description of materials in the government's possession that are not discoverable."  *Id.*  (citing *Mejia*, 448 F.3d at 458 (noting that, in the context of CIPA, as in other discovery in criminal cases, the defendant is "not entitled to access to any of the evidence reviewed by the court . . . to assist in his argument' that it should be disclosed")).  Indeed, a district court considering a motion to withhold classified information "must first determine whether . . . the information at issue is discoverable at all."  *Sedaghaty*, 728 F.3d at 904.  Only if the information is discoverable must the court then examine whether it is also relevant and helpful to the defense.  *Id.*  A defendant, however, may be permitted to file his or her

own *ex parte* submission outlining his or her theory of the defense to aid the court in the review of any classified materials. *See id.* at 906 n.10; *see also* Dkt. 87, Order Granting Government's *In Camera, Ex Parte* Motion in *United States v. Abdul-Latif*, CR11-0228JLR (W.D. Wash. 2012).

### D. Sections 5 and 6—Notice of Defendant's Intent to Disclose Classified Information and Pretrial Procedures Regarding Admissibility

There are three critical pretrial steps in the handling of classified information under CIPA after such information has been provided to the defendant through discovery. First, Section 5 requires that the defendant specify the classified information he or she reasonably expects to disclose at trial. Second, the court, upon motion of the government, shall hold a hearing to determine the use, relevance, and admissibility of evidence that either party seeks to introduce. 18 U.S.C. App. III § 6(a). Third, following the Section 6(a) hearing and formal findings of admissibility by the court, the government may move to substitute an admission of relevant facts or summaries for the classified information the court rules to be admissible. 18 U.S.C. App. III § 6(c). *See, e.g., Baptista-Rodriguez*, 17 F.3d at 1363; *United States v. Collins*, 720 F.2d 1195, 1197-99 (11th Cir. 1983).

### 1. Section 5—Requirement To Provide Notice of Disclosure

Section 5 requires a defendant who intends to disclose, or cause the disclosure of, classified information to provide timely pretrial written notice of his or her intention to the court and the government. 18 U.S.C. App. III § 5(a). Such notice must "include a brief description of the classified information," *id.*, stating "with particularity, which items of classified information . . . [the defendant] reasonably expects will be revealed by his defense." *Collins*, 720 F.2d at 1199; *see also United States v. Giffen*, 473 F.3d 30, 33 (2d Cir. 2006); *Smith*, 780 F.2d at 1105. This requirement applies to both documentary exhibits and oral testimony, regardless of whether

9

it is anticipated to be brought out on direct or cross-examination.  *See United States v. Wilson*, 721 F.2d 967, 975-76 (4th Cir. 1983).

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the court to preclude disclosure of the classified information.  *See United States v. Badia*, 827 F.2d 1458, 1464-66 (11th Cir. 1987) (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5).  Similarly, if the defendant attempts to disclose at trial classified information that is not described in her Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b).  *Smith*, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice."); *United States v. Hashmi*, 621 F. Supp. 2d 76, 81 (S.D.N.Y. 2008).

Thus, Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose. Notification must take place "within the time specified by the court, or, where no time is specified, within thirty days prior to trial..." 18 U.S.C. App. III § 5(a).  Section 5 specifically prohibits the defendant from disclosing in a trial or pretrial proceeding "any information known or believed to be classified" until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided, or the time for filing an appeal has expired.  *Id.*

## 2.    Section 6(a) and (b)—Pretrial Hearing on Disclosure and Notice

CIPA Section 6 sets forth the steps that a court must take concerning specific classified information that may be subject to disclosure by either party at trial or in pretrial proceedings.  If either the government or the defense seeks to introduce or cause disclosure of classified information, the government may move to protect that information.  First, Section 6(a) provides

that upon motion of the government, the court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. III § 6(a). The hearing is to be held *in camera* if the Attorney General certifies that a public proceeding may result in the disclosure of classified information. *Id.* If the government's Section 6(a) motion is filed before trial or a pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." *Id.*

Section 6(b) requires that before any hearing is conducted under Section 6(a), the government must notify the defendant of the hearing and identify the classified information at issue. If the information was not previously made available to the defendant, the government may, with the court's approval, provide a generic description of the material to the defendant. Thus, as Congress recognized in enacting CIPA, "the government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval." S. Rep. No. 96-823, at 8, *reprinted in* 1980 U.S.C.C.A.N. at 4301.

If the defense has indicated that it intends to seek to introduce into evidence classified information and the government seeks to protect that information from disclosure, the court at the Section 6(a) hearing hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[2] *See Yunis*, 867 F.2d at 622; *Smith*, 780 F.2d at 1105-06. The court's inquiry does

---

[2] CIPA does not change the "generally applicable evidentiary rules of admissibility." *Wilson*, 750 F.2d at 9; *accord Yunis*, 867 F.2d at 623. Rather, CIPA alters the timing of rulings concerning "use, relevance or admissibility" so as to require them to be made before trial. *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988); *see also Smith*, 780 F.2d at 1106.

not end there, however, because under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial."  *Smith*, 780 F.2d at 1106.  The court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading" such that it should be excluded under Rule 403.  *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984).  At the conclusion of the Section 6(a) hearing, the court must state in writing the reasons for its determination as to each item of classified information.  18 U.S.C. App. III § 6(a).

### 3. Section 6(c) and (d)—Alternative Procedure for Disclosure of Classified Information

If the court rules that one or more items of classified information that either party seeks to introduce as evidence are admissible, the government may propose a "substitution" for the classified information at issue.[3]  18 U.S.C. App. III § 6(c)(1).  Specifically, if disclosure of the information is necessary, the United States may move the court to substitute for specific classified information a statement admitting relevant facts that the classified information would tend to prove, or to substitute for specific classified information a summary of that information.  Section 6 authorizes substitutions for classified material in the form of "redactions and substitutions so long as these alternatives do not deprive the defendant of a fair trial."  18 U.S.C. App. III § 6(c)(1)(A), (B); *see Abu Ali*, 528 F.3d at 255; *see also Giffen*, 473 F.3d at 33; *Smith*, 780 F.2d at 1105.  The court must grant the motion for substitution if it finds that the admission or summary "will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information."  18 U.S.C. App. III § 6(c)(1).

---

[3] Substitutions and summaries are not the only means by which the government may seek judicial approval to protect classified information from public disclosure.  Additional measures, such as the "Silent Witness Rule," may be proposed to protect classified information from unauthorized public disclosure.  *See, e.g., United States v. Rosen*, 520 F. Supp. 2d 786, 793-96 (E.D. Va. 2007).

Any hearing under Section 6(c) shall be held *in camera* at the request of the Attorney General.  18 U.S.C. App. III § 6(c)(1).  In connection with a hearing, the government may submit to the court an affidavit of the Attorney General certifying that disclosure of classified information would cause identifiable damage to national security and explaining the basis for the classification of that information.  The court must review that affidavit *in camera* and *ex parte* if requested by the government.  18 U.S.C. App. III § 6(c)(2).  The court shall seal and preserve the record of any *in camera* hearing at the close of which the court determines that classified information may not be disclosed or elicited at trial or a pretrial proceeding.  18 U.S.C. App. III § 6(d).

### 4.    Section 6(e)—Prohibition on Disclosure and Relief for Defense

If the court determines that an item of classified information is relevant and admissible, and denies the government's motion for substitution under Section 6(c), the government may object to disclosure of the classified information.  In such cases, the court "shall order that the defendant not disclose or cause the disclosure of such information."  18 U.S.C. App. III § 6(e)(1).  Section 6(e)(2) sets forth a sliding scale of remedies that the court may impose in such a case, to include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment.  *See* 18 U.S.C. App. III § 6(e)(2); S. Rep. No. 96-823, at 9, *reprinted* in 1980 U.S.C.C.A.N. at 4302-03.  An order imposing any such sanctions shall not take effect until the government has had the opportunity to appeal the order under CIPA Section 7, and thereafter withdraw its objection to disclosure.[4]  18 U.S.C. App. III § 7.

### 5.    Section 6(f)—Reciprocity

---

[4] As noted above, if the court determines after an *in camera* hearing that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal.  18 U.S.C. App. III § 6(d).

If the court determines under Section 6(a) that the defense may disclose classified information in connection with a trial or pretrial proceeding, the court shall order the government to provide the defense with information it expects to use to rebut the classified information, unless the interests of fairness do not so require. 18 U.S.C. App. III § 6(f). The court may place the government under a continuing duty to disclose rebuttal information, and if the government fails to comply, exclude the rebuttal evidence and prohibit the government from examining any witness with respect to such information. *Id.*

### E.    Other Relevant CIPA Procedures

#### 1.    Section 7—Interlocutory Appeal

Section 7 permits the government to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the government to prevent the disclosure of classified information. 18 U.S.C. App. III § 7(a). If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. 18 U.S.C. App. III § 7(b). Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal of an adverse ruling by the trial court upon conviction. *Id.*

#### 2.    Section 8—Introduction of Classified Information

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. To prevent "unnecessary disclosure" of classified information, Section 8(b) permits the court to order admission into evidence of only a part of a writing, recording, or photograph, or the entirety of said items with all or part of the classified information contained therein excised, unless fairness requires that the

entirety of the relevant item be considered.[5]  Lastly, Section 8(c) provides a procedure to address issues presented by any question or line of inquiry that would require a witness to disclose classified information not previously deemed admissible.  If the government poses an objection to the examination, the court "shall take suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information," to include requiring a proffer from the government of the anticipated response and a proffer from the defendant of the information sought to be elicited.  18 U.S.C. App. III § 8(c).  In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where defense counsel does not realize that the answer to a given question will reveal classified information.  *See* S. Rep. No. 96-823, at 11, *reprinted in* 1980 U.S.C.C.A.N. at 4304-05.

### 3.      Section 9—Security Procedures

Section 9 of CIPA requires the Chief Justice of the United States, in consultation with the Attorney General, the Director of National Intelligence, and the Secretary of Defense, to prescribe rules establishing procedures to protect against unauthorized disclosure of any classified information in the custody of United States courts.  18 U.S.C. App. III § 9(a).

### 4.      Section 10—Identification of Information Related to National Defense

This section applies in espionage or criminal prosecutions in which the government must prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information.  *See* S. Rep. No. 96-823, at 11-12, *reprinted in* 1980 U.S.C.C.A.N. at 4305.  In such a circumstance, Section 10 requires the government to inform the

---

[5] As noted in footnote 4, *supra*, courts may consider additional means of protecting classified information that is introduced into evidence, such as the Silent Witness Rule.

defendant as to which portions of the material it reasonably expects to rely upon to prove the national defense or classified information element of the crime.

**III.**    **CONCLUSION**

The United States anticipates that issues relating to classified information may arise in connection with this case. Accordingly, the United States respectfully provides this memorandum of law to provide the Court with a detailed description of CIPA's procedures to address issues related to classified information and to protect any such classified information before, during, and after trial in this case. The United States notes that some of the CIPA sections outlined above may not be invoked or need to be addressed.

Respectfully submitted this 10th day of August, 2025.

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

*Nathan Brown*
NATHAN BROWN
Assistant United States Attorney
Texas Bar #24044239
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884


Menno Goedman
Trial Attorney
U.S. Department of Justice
National Security Division

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 10, 2025, I electronically filed this document with the Clerk of Court using the C</ECF system.

☒ The CM/ECF system will send notification to the following CM/ECF participant(s):

Felix Valenzuela, Attorney for Taylor A. Lee

Edgar Holguin, Attorney for Taylor A. Lee

_/s/_____
Nathan Brown
Assistant United States Attorney